United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CRISTABEL SALAZAR | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-CV-2223 |
| | § | |
| KRISTI NOEM, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

# JUDGE PALERMO'S REPORT AND RECOMMENDATION

This is an immigration case. ECF No. 1.[1] Plaintiff raises a claim under the Administrative Procedures Act ("APA"), seeking to compel Defendants to adjudicate her Form I-485 application. ECF No. 1. Having considered the record and applicable law, the Court concludes that it lacks jurisdiction to consider Plaintiff's claim.

## I. BACKGROUND

Plaintiff is a Mexican citizen who resides in Pasadena, Texas. ECF No. 1 ¶ 4. On September 15, 2022, she filed a Form I-485 application with the United States Citizenship and Immigration Services ("USCIS") to adjust her immigration status to lawful permanent resident. ECF No. 1 ¶¶ 5, 24. Three-and-a-half years later, Plaintiff's application is still pending. ECF No. 1 ¶ 25. She has inquired into her

[1] The district judge to whom this case is assigned referred all pretrial proceedings to this Court pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3.

application status multiple times; each time, USCIS provides the same boilerplate response, indicating that Plaintiff's application is still pending review but never really explaining why her application is taking so long to process.[2]

Plaintiff filed this suit on March 19, 2026, asserting that Defendants' failure to timely adjudicate her Form I-485 application violates the APA and asking the Court to compel USCIS to process her application. ECF No. 1 ¶¶ 44, 46.

## II. FEDERAL COURTS MUST POSSESS SUBJECT MATTER JURISDICTION TO HEAR CLAIMS.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Obiabaka v. Jaddou*, No. 4:24-CV-3074, 2025 WL 492496, at *2 (S.D. Tex. Jan. 29, 2025) (citing *Davoodi v. Aus. Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014)), *R. & R. adopted*, No. 4:24-CV-03074, 2025 WL 490472 (S.D. Tex. Feb. 13, 2025). The plaintiff "carries the burden of demonstrating that jurisdiction exists." *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Moreover, "[f]ederal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction." *Garrett v. Burgess*, No. 4:24-CV-04495, 2025 WL 643519, at *1 (S.D. Tex. Jan. 13, 2025), *R. & R. adopted*, No. 4:24-CV-4495, 2025 WL 642054 (S.D. Tex. Feb. 26, 2025). "If [a] court determines at any time that it lacks subject-matter

[2] Plaintiff alleges that the national average wait times for Form I-485 adjudications have been around 7–12 months for the last several years. ECF No. 1 ¶ 28.

jurisdiction, the court must dismiss the action." *Id.* (quoting FED. R. CIV. P. 12(h)(3)).

## III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM.

Plaintiff asks the Court to compel Defendants to adjudicate her adjustment-of-immigration-status application, arguing that USCIS has delayed processing her Form I-485 for an unreasonable amount of time and thus violated the APA. ECF No. 1 ¶ 46.

Under the APA, agencies must conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b). However, "the APA itself doesn't directly grant subject-matter jurisdiction." *Ahmed v. Bitter*, 727 F. Supp. 3d 630, 635 (S.D. Tex. 2024). Thus, there must be an independent basis for federal jurisdiction; otherwise, a court cannot hear the APA claim. *Id.*

Relevant here, the Immigration and Nationality Act ("INA") "governs visa allocation for foreign nationals wanting to enter the United States." *Cheejati v. Blinken*, 106 F.4th 388, 391 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1126 (2025). The INA also grants "the Attorney General the discretion to adjust the status of an alien to lawful permanent resident." *Id.*; 8 U.S.C. § 1255(a). Notably, the INA "strips federal courts of jurisdiction to address many challenges brought in the context of immigration proceedings." *Cheejati*, 106 F.4th at 393. Section 1252 specifically strips courts "of jurisdiction to review any decision or action which falls within the

Attorney General's discretion," like adjustment-of-status applications. *See* 8 U.S.C. §§ 1252(a)(2)(B), 1255(a).

Here, Plaintiff essentially asks the Court to review the pace at which USCIS processes her adjustment-to-status application. That, however, is precisely the kind of issue that falls squarely within the Attorney General's discretion—and is therefore unreviewable. *Cheejati*, 106 F.4th at 394 (explaining that "the *pace* at which [the adjustment-to-status] process is undertaken" falls within "the discretion of the Attorney General" (emphasis added)). In fact, the Fifth Circuit recently held that federal courts cannot review "discrete acts undertaken to render an adjustment decision," including "*the timing of those acts*." *Id.* (emphasis added); *see also Guliyev v. U.S. Citizenship & Immigr. Servs.*, No. 3:24-CV-2418-K, 2025 WL 1898670, at *4 (N.D. Tex. July 9, 2025) (explaining that the INA "largely bars judicial review of adjustment to status determinations," including "the process and *pace* of adjustment of status adjudications" (emphasis added)); *Isleem v. Peacock*, No. CV 24-559, 2024 WL 3887511, at *4 (E.D. La. Aug. 21, 2024) ("[W]here pace of adjudication is at issue for a discretionary action by the Attorney General, federal courts lack jurisdiction to hear the issue.").

Thus, because § 1252(a)(2)(B)(ii) precludes the Court from reviewing USCIS' adjudication of adjustment-to-status applications, the Court cannot hear Plaintiff's APA claim. *See id.*

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** that Plaintiff's APA claim be dismissed for lack of subject matter jurisdiction.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on April 2, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**